IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL LAMONT SANDERS, | ) |
| Petitioner, | ) ) ) |
| vs. | )    Case No. 04-CV-196-JHP-FHM |
| MIKE MULLIN, Warden, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 4) to the petition and provided the state court record (Dkt. #s 5 and 6) necessary for resolution of Petitioner's claims. Petitioner filed a reply (Dkt. # 7). For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

On the morning of Saturday, July 28, 2001, a man kicked in the back door of Senior World, a hospice nursing service. The owner and operator of the business, Virginia Steward was present and alone when the man entered. The man shoved her and yelled at her "I'm going to shoot you. I'm going to shoot you. I have a gun." He then asked her where her purse and keys were. As he left her to search for the pursue and keys, Ms. Steward escaped through the back door to her car. She locked herself in her car and called the police using her cell phone. Tulsa Police Officer Joel Spitler responded to the call. He pursued and arrested a man matching the description given by Ms. Steward. The suspect resisted arrest. After being arrested, the man was identified as Petitioner Darryl Sanders. A glass cocaine pipe was recovered during a search of his person. After being

advised of his rights under Miranda,[1] Petitioner was cooperative and agreed to talk. He told police he never had a gun, denied assaulting Ms. Steward, but showed them where he put her purse.

As a result of those events, Petitioner was convicted by a jury of First Degree Robbery, after former conviction of two or more felonies, Possession of Illegal Drug Paraphernalia, and Resisting an Officer, in Tulsa County District Court, Case No. CF-2001-4378 (Dkt. # 6, Ex. 1). The trial court sentenced him in accordance with the jury's recommendation to thirty-five (35) years imprisonment on the robbery conviction, and one year in the county jail and a $320 fine on each of the other convictions, all sentences to be served concurrently. Id. Petitioner was represented at trial by Assistant Public Defender Ronald Wallace.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by Assistant Public Defender Paula J. Alfred, Petitioner raised two (2) propositions of error on direct appeal, as follows:

> Proposition I: The evidence was constitutionally insufficient to prove robbery by force.
>
> Proposition II: The trial court erred by instructing the jury on robbery by fear over appellant's objection.

(Dkt. # 6, Ex.5). In an unpublished summary opinion, filed March 25, 2003, in Case No. F-2002-290, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 6, Ex. 1). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. Petitioner did not seek post-conviction relief (Dkt. # 1 at 2).

Petitioner filed the instant habeas corpus petition on March 15, 2004 (Dkt. # 1). In his petition, Petitioner raises the same grounds of error raised on direct appeal. In response to the

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

petition, Respondent asserts that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 4.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his claims to the OCCA on direct appeal. The OCCA considered, but rejected, each claim. See Dkt. # 6, Ex. 1. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented on direct appeal.

### *1. Insufficient evidence (ground 1)*

As his first proposition of error, Petitioner argues that the evidence was insufficient to support his conviction of robbery by force. Specifically, Petitioner complains that the State failed to prove (1) that the force used induced the victim to part with her property, and (2) that the property was taken from her immediate presence. See Dkt. # 1. On direct appeal, the OCCA rejected Petitioner's claim of insufficient evidence, finding:

> in viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202, 203-04; See also, *Carter v. State*, 1986 OK CR 139, 725 P.2d 873, 875, and *Lancaster v. State*, 1976 OK CR 191, 554 P.2d 32, 34.

Dkt. # 6, Ex. 1 at 2. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 4 at 3).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth

4

Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt of Robbery in the First Degree. Oklahoma law provides the substantive elements of robbery by force as: (1) wrongful; (2) taking; (3) carrying away; (4) personal property; (5) of another; (6) from the person or immediate presence of another; (7) accomplished by means of force or fear. See Okla. Stat. tit. 21, § 791; Dkt. # 6, Ex. 3. The victim in this case, Virginia Steward, testified she was the owner and operator of Senior World, a hospice

5

nursing service, located at 2625 North Peoria, in Tulsa, Oklahoma. See Dkt. # 5, Tr. Trans. at 255. While she was at her office alone, Petitioner kicked in the back door, shoved her into an office, and threatened to shoot her. Id. at 256-261. He told her he had a gun, id. at 261, and held a paper bag containing a metallic object to her head, id. at 267-68, while demanding to know where her purse and her keys were located, id. at 261. She testified that she was so afraid, she could not breathe and she thought he was going to kill her. Id. As Petitioner ran to the front of the office, she escaped by running out the back door and locking herself in her car. Id. at 263-65. She saw Petitioner run out of the back door carrying her purse in one hand and her keys in the other. Id. at 265.

The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of First Degree Robbery beyond a reasonable doubt. Petitioner's specific challenges, that the State failed to demonstrate (1) that the force used induced the victim to part with her property, and (2) that the property was taken from her immediate presence, are without merit. The evidence was sufficient for the jury to find that Petitioner's actions forced Ms. Steward to part with her property against her will. She testified that she did not stick around to defend her property because she was concerned about her life. Id. at 278. Furthermore, the victim's testimony was sufficient to establish that the purse and keys were taken from her "immediate presence." Lancaster v. State, 554 P.2d 32, 34 (Okla. Crim. App. 1976) (finding that "it is not necessary that the victim see or hear the taking of the property. It is sufficient if it is shown that the property was so under the control of the victim that violence or putting in fear was the means used whereby the robber took the property"). Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). As a result, the Court finds habeas corpus relief should be denied on this claim.

### *2. Challenge to jury instruction*

As his second proposition of error, Petitioner alleges that the trial court erred in instructing the jury on the elements of Robbery. See Dkt. # 1. In rejecting this claim on direct appeal, the OCCA cited Thoreson v. State, 100 P.2d 896, 901 (Okla. Crim. App. 1940), and Williams v. State, 22 P.3d 702, 711 (Okla. Crim. App. 2001), and determined that "the trial court did not abuse its discretion in giving the instructions on Robbery in the First Degree by Force and/or Fear."

A habeas corpus petitioner "bears a 'great burden . . . when [he] seeks to collaterally attack a state court judgment based on an erroneous jury instruction.'" Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir. 1993) (quoting Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990)). Federal habeas corpus relief is not available for alleged errors of state law, and, when an allegedly erroneous instruction is given, this Court examines only "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Furthermore, where a petitioner challenges the trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so

fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting <u>Long v. Smith</u>, 663 F.2d 18, 23 (6th Cir. 1981)); <u>see also</u> <u>Maes v. Thomas</u>, 46 F.3d 979, 984 (10th Cir. 1995).

The record reflects that the jury was instructed as follows:

> No person may be convicted of Robbery in the First Degree unless the State has proven beyond a reasonable doubt each element of the crime. These elements are:
> <u>First</u>, wrongful;
> <u>Second</u>, taking;
> <u>Third</u>, carrying away;
> <u>Fourth</u>, personal property;
> <u>Fifth</u>, of another;
> <u>Sixth</u>, from the person;
> <u>Seventh</u>, by force and or fear of immediate injury to her person.

(Dkt. # 6, Ex. 3 Instruction No. 18). Petitioner's attorney objected to the robbery jury instruction, arguing that since Petitioner was charged with Robbery by Force, the instruction impermissibly broadened the charge to Robbery by Force and/or Fear. The trial court overruled the objection. The OCCA determined that the trial court did not abuse its discretion in instructing the jury on Robbery in the First Degree by Force and/or Fear. Petitioner was charged with committing Robbery in violation of Okla. Stat. tit. 21, § 791. <u>See</u> Dkt. # 6, Ex. 2. That statute defines Robbery as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, *accomplished by means of force or fear*." Okla. Stat. tit. 21 § 791 (emphasis added). Thus, Petitioner cannot complain that he had no notice that he had to defend against a charge of robbery by force or fear. The Court finds that the allegedly erroneous jury instruction did not have the effect of rendering Petitioner's trial so fundamentally unfair as to result in a denial of due process. Petitioner is not entitled to habeas corpus relief on this ground.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 8th day of September, 2008.

						James H. Payne
						United States District Judge
						Northern District of Oklahoma